IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OSCAR DAVID URRUTIA,

                        Plaintiff,

      v.                                                      CASE NO. 23-3010-JWL

MARK WELCH, ET AL.,

                        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Oscar David Urrutia, a state prisoner who is incarcerated at Finney County Jail (FCJ) in Garden City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. The Court has conducted an initial review of the complaint and has identified deficiencies in the complaint, which are set forth below and which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file a complete and proper amended complaint on court-approved forms that cures those deficiencies.

**I.    Nature of the Matter before the Court**

Plaintiff names as defendants Mark Welch, Finney County Sheriff Mike Warren, Finney County Sheriff's Deputy Jace Tweedy, attorneys Casey Zeigler and Douglas Spencer, Staff Sergeant C. Bates and Lieutenant Lawson of the FCJ, Patrol Sergeant Oscar Espinoza, Deputy District Attorneys Ricardo Leal and Nick Vrana, former Attorney General Derek Schmidt, and Kansas Governor Laura Kelly. (Doc. 3, p. 1-5.)

The factual background for this complaint is far from clear. Plaintiff alleges that from April 2, 2021 through the present day, his procedural due process rights have been continuously violated.

1

*Id.* at 6. He further generally alleges that he has suffered cruel and unusual punishment, false imprisonment, retaliation, torture, defilement, medical negligence, and excessive force. He claims that Defendants have (1) remained silent about crimes committed against Plaintiff including sexual battery, rape, and attempted murder; (2) violated his right to freedom of speech; (3) breached and/or neglected their duties; (4) committed police misconduct, official misconduct, forgery, and conspiracy; (5) framed Plaintiff; and (6) aided and abetted a felon. *Id.* at 2, 6. With respect to specific defendants, Plaintiff alleges that Defendant Warren neglected his official duties to oversee the jail and ensure that inmates are not abused by FCJ staff; Defendant Zeigler withdrew as Plaintiff's court-appointed counsel when Plaintiff "exercised [his] right to petition"; Defendant Tweedy used excessive force against Plaintiff while Plaintiff was restrained, sexually battered Plaintiff, and attempted to dismember him; Defendant Bates tampered with evidence; Defendant Spencer failed to uphold state and federal law, thereby breaching his duties and committing negligence; Defendant Lawson ignored Plaintiff's grievances; and Defendants Espinoza, Leal, Vrana, Schmidt, and Kelly failed to resolve Plaintiff's complaints and grievances. *Id.* at 1-5.

Count I alleges the violation of Plaintiff's constitutional rights to free speech, to be protected from retaliation, and to be protected from cruel and unusual punishment, as well as false imprisonment. *Id.* at 6. As the supporting facts for this count, however, Plaintiff states only: "[D]ue the violation of procedural due process which would have commenced April 2nd, 2021 and to this very moment transpires 24/7 in the 25th Judicial District, which is why I've named Laura Kelly, et al. defendants. [*sic*]" *Id.* Count II alleges "[t]orture; Defilement; Medical Negligence, Breach of Duty; Excessive force; police Misconduct, official Misconduct in public office." *Id.* As the supporting facts for Count II, Plaintiff states: "All the following allegations, too have been kept in secret; Frame; Forgery[;] Conspiracy; premeditation, etc., Making all defendants accomplices for

2

Aid [and] Abetting a felon; Misprison of felonies. [*sic*]" *Id.*

Count III alleges "Aggravated Sexual Battery [and] Assault; Rape; Abduction; Slavery; Torture[;] Monopolization by Corporation." *Id.* at 7. Plaintiff states that discovery, court transcripts, a police report prepared by Defendant Espinoza, and "all [s]urveillance footage" will support these claims. *Id.* As relief, Plaintiff seeks money damages, declaratory relief, and an injunction. *Id.* at 8.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)(quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

### III.  Discussion

This action is subject to dismissal because the complaint leaves unclear the precise grounds for relief Plaintiff intends to assert. The court-approved form complaint provides distinct places for a plaintiff to identify which "constitutional rights, privileges or immunities have been violated" for each of up to three counts. Some of the items Plaintiff includes in this portion of the complaint adequately identify a constitutional right. For example, Plaintiff alleges "cruel and unusual punishment," and the Eighth Amendment to the United States Constitution guarantees a prisoner the right to be free from cruel and unusual punishments. On the other hand, Plaintiff also alleges "forgery," and the Court is unaware of a constitutional provision that protects a prisoner from becoming the victim of forgery. In a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3rd 1021, 1025-26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).  Thus, the allegation that a

4

state statute or state constitution was violated states no claim under § 1983.

Moreover, for each Count, Plaintiff has failed to comply with the instructions directing him to set forth "all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." (*See* Doc. 3, p. 6.) The only alleged violation for which Plaintiff provides any dates is the violation of his procedural due process rights, which Plaintiff alleges has occurred continuously since April 2, 2021, but Plaintiff does not explain how his procedural due process rights have been violated. Nor does he provide any factual background for his allegations that he has suffered retaliation, false imprisonment, torture, defilement, medical negligence, excessive force, forgery, conspiracy, or any other of the acts alleged in the complaint.

"[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. The conclusory nature of Plaintiff's allegations in the complaint leaves unclear the factual basis for Counts I, II, and III. Plaintiff will be given the opportunity to submit an amended complaint, on court-approved forms, that identifies the specific legal rights allegedly violated and articulates sufficient supporting facts for each cause of action.

Although the deficiencies discussed above leave this complaint subject to dismissal in its entirety, the Court will set forth some additional requirements of which Plaintiff should be aware while drafting an amended complaint. First, an essential element of a civil rights claim under §

5

1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In other words, to be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Relatedly, the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). Thus, a claim against Defendant Warren for neglecting his official supervisory duty to ensure that the FCJ is properly run, or a claim against Defendants Leal, Vrana, Schmidt, and Kelly based solely on their positions in state government fails to state a claim upon which relief may be granted.

In addition, although the factual basis for the claims against Defendants Spencer and Zeigler remains unclear, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk County f. Dodson*, 454 U.S. 312, 325 (1981). Thus, there can be no viable claim under § 1983 against a court-appointed attorney for performing his or

6

her traditional functions in such a role.

### IV.   Amended Complaint Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not incorporate by reference an earlier pleading; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3010) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint. Plaintiff may attach additional pages to the form complaint if necessary, but he should not utilize the form complaint only to refer the Court generally to an attached memorandum. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

### V.   Motion for Appointment of Counsel[1] (Doc. 6.)

Plaintiff has filed a motion for appointment of counsel, asserting that his imprisonment and

---

[1] The motion also briefly refers to seeking leave to proceed in forma pauperis. Plaintiff was granted leave to proceed in forma pauperis in an order entered February 15, 2023. (Doc. 7.)

his mental health disabilities greatly limit his ability to litigate his claims. (Doc. 6, p. 1.) He also notes that the appointment of counsel would assist in cross-examination, obtaining and presenting evidence, and ensuring that Plaintiff's rights are adequately protected. *Id.* at 1-2. For the reasons set forth below, the Court will deny this motion without prejudice.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). Rather, the decision whether to appoint counsel in a civil matter lies in the Court's discretion. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

As noted above, Plaintiff has not yet asserted a colorable claim against any named defendant, so the merits and complexity of any claims remain unclear. The Court notes, however, that Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court concludes that at this early stage in the proceedings, the appointment of counsel is not warranted. The Court denies the motion without prejudice to refiling the motion if Plaintiff files an amended complaint that survives this initial screening phase.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including March 22, 2023, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 16th day of February, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge