IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OSCAR DAVID URRUTIA,

                  **Plaintiff,**

v.                                               CASE NO. 23-3010-JWL

MARK WELCH, et al.,

                  **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Oscar David Urrutia, who is a state prisoner currently housed at Finney County Jail (FCJ) in Garden City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 on January 17, 2023, alleging that he was severely mistreated during his incarceration, in violation of his constitutional rights. (Doc. 1.) In compliance with a subsequent order from this Court, on January 31, 2023, Plaintiff resubmitted his complaint on the court-approved form and filed a motion for leave to proceed in forma pauperis. (Docs. 2, 3, 4.) Plaintiff proceeds in forma pauperis. (Docs. 6, 7.) In the order granting leave to proceed in forma pauperis, the Court assessed an initial partial filing fee of $13.50. (Doc. 3.) Payment or any objection to the order was due March 1, 2023 and the order cautioned that "[t]he failure to pay the fee as directed may result in the dismissal of this matter without further notice." *Id.* The deadline passed over two weeks ago, yet the Court has not received the initial partial filing fee.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. United States*, 316 F. Appx. 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.*

1

(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action without prejudice under Rule 41(b)." *Young*, 316 F. Appx. at 771-72 (citations omitted). Plaintiff's failure to pay the initial partial filing fee as ordered leaves this matter subject to dismissal under Rule 41(b).

In addition, in an order issued February 16, 2023, the Court identified certain deficiencies in the complaint and directed Plaintiff to file a complete and proper amended complaint that cured those deficiencies. (Doc. 8.) Plaintiff has timely filed an amended complaint, which the Court has screened, as required by 28 U.S.C. § 1915A(a) and (b). (Doc. 9.) In the amended complaint, Plaintiff names the following individuals as defendants: Mark Welch, the "owner" of the FCJ; Sergeant C. Bates of the Finney County Sheriff's Department (FCSD); Deputy Jace Tweedy of the FCSD; Lieutenant (fnu) Lawson of the FCJ; Nicholas Vrana; Ricardo Leal; Mike Warren; Casey Zeigler; Douglas Spencer; Patrol Sergeant Oscar Espinoza; former Kansas Attorney General Derek Schmidt; and Kansas Governor Laura Kelly. (Doc. 9, p. 1-5, 7.)

In Count I of the amended complaint, Plaintiff alleges the violation of his constitutional right to freedom of speech and the constitutional prohibition of cruel and unusual punishment, as well as false imprisonment and retaliation. *Id.* at 9. As the supporting facts for Count I, Plaintiff alleges: "FCJ staff has placed me in isolation, on/off since around April 2, 2021 [without] just cause or due process of law. Within those periods, they too have kept me from writing or calling family and/or friends." *Id.* In Count II, Plaintiff alleges that he was subjected to excessive force, torture, and abuse and that he suffered due to someone else's negligence. *Id.* As the supporting facts for Count II, Plaintiff alleges: "On or about [January 15, 2022,] staff members can be seen on numerous forms of surveillance footage abusing of [*sic*] me and attempting to even murder

me." *Id.*

In Count III, Plaintiff alleges illegal search and seizure, aggravated sexual battery or assault, and slavery. *Id.* at 10. As the supporting facts for Count III, Plaintiff alleges: "On or about [March 21, 2022,] Deputy Tweedy and Sergeant Bates may be seen and heard on video surveillance assaulting [and] battering me in a sexual manner." *Id.* As relief, Plaintiff requests an injunction, declaratory relief, and money damages.

The Court has reviewed the amended complaint as required by 28 U.S.C. § 1915A(a) and (b) and finds that it suffers from the same deficiencies that left the initial complaint subject to dismissal in its entirety. As explained in the Court's prior order:

> "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall* [*v. Bellmon*], 935 F.2d [1106,] 1110 [(10th Cir. 1991)].

(Doc. 4, p. 3-4.) The order also explained:

> [A]n essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Kentucky v. Graham, 473 U.S. 159, 166 (1985); Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). In other words, to be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).
>
> Relatedly, the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff,

3

>does not establish personal participation under § 1983."); see Stewart v. Beach, 701 F.3d 1322, 1328 (10th Cir. 2012). Thus, a claim against Defendant Warren for neglecting his official supervisory duty to ensure that the FCJ is properly run, or a claim against Defendants Leal, Vrana, Schmidt, and Kelly based solely on their positions in state government fails to state a claim upon which relief may be granted.

*Id.* at 5-6.

Despite these cautions, the amended complaint similarly fails to allege sufficient direct personal participation of most of the Defendants in a federal violation to state a plausible claim for relief under § 1983. With respect to Defendant Welch, Plaintiff again alleges only that he has been negligent of his supervisory obligations as the owner of the FCJ. (Doc. 8, p. 2.) Similarly, with respect to Defendants Lawson, Vrana, Leal, Warren, Zeigler, Spencer, Espinoza, Schmidt, and Kelly, Plaintiff alleges only a failure in "official and moral duties," a general failure to act on Plaintiff's requests for help and protection, the neglect of Plaintiff's constitutional rights, and acts unidentified acts that he believes constitute "obstruction of justice and misprison [*sic*] of felony and/or treason." *Id.* at 5-7. As explained above and in the Court's previous order, conclusory statements without specific factual allegations in support do not sufficiently show the required direct personal participation. Although the standard the Court applies during screening of a prisoner's complaint "'does not require "detained factual allegations," . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ullery v. Bradley*, 949 F.3d 1282, 1287 (10th Cir. 2020). Accordingly, the claims against all Defendants except Defendants Bates and Tweedy are subject to dismissal.

Moreover, Count I alleges that Defendants violated Plaintiff's right to free speech and subjected him to unconstitutional cruel and unusual punishment, false imprisonment, and retaliation. (Doc. 9, p. 9.) But the facts alleged in support relate only to Plaintiff's placement in isolation without "just cause or due process of law," preventing him from communicating with

4

family and friends; on their face, they do not demonstrate false imprisonment or retaliation. *Id.* The facts also do not support a plausible claim that the constitutional prohibition against cruel and unusual punishment or the constitutional right to free speech were violated.[1] Thus, Count I is subject to dismissal for failure to state a plausible claim for relief.

Count II alleges excessive force, torture, negligence[2], and abuse stemming from an incident that occurred on or around January 15, 2022. (Doc. 9, p. 9.) In the amended complaint, Plaintiff asserts that during that incident Defendant Tweedy "used excessive force" against Plaintiff and "sexually assaulted" him during a pat search and that Defendant Tweedy stated he was using excessive force for his own safety. These are the type of conclusory allegations without specific supporting facts that Plaintiff has already been cautioned are insufficient to state a claim upon which relief can be based. (*See* Doc. 8, p. 4-5.) Simply asserting that Defendant Tweedy "used excessive force" and "sexually assaulted" Plaintiff is insufficient because it does not explain what Defendant Tweedy did to Plaintiff except in very broad, conclusory terms. Although the amended complaint directs the Court to surveillance footage that Plaintiff believes will show Defendants' improper actions, Plaintiff must allege specific facts in his pleading in order to state a plausible claim for relief. Thus, Count II is subject to dismissal for failure to state a plausible claim for relief.

Count III alleges that on approximately March 21, 2022, Defendants Tweedy and Bates conducted an unconstitutional search and seizure; committed aggravated sexual battery or assault,

---

[1] To plead a viable claim of unconstitutionally cruel and unusual punishment, "a plaintiff must allege facts demonstrating that 'the deprivation is sufficiently serious' and that prison officials acted with 'deliberate indifference to inmate health or safety.'" *Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006). Plaintiff has done neither. Similarly, it is well-established that "'"a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institutions."'" *Burnett v. Jones*, 437 Fed. Appx. 736, 745 (10th Cir. 2011). When a plaintiff fails to allege or argue that the denial of telephone access was "not rationally related to a legitimate penological interest or provide other facts suggesting that the [denial was] invalid, . . . dismissal [is] appropriate." *Id.*

[2] "'[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (citation omitted).

which the Court may liberally construe to allege a claim of unconstitutional excessive force; and violated the constitutional prohibition against slavery. (Doc. 9, p. 10.) Regarding the March 2022 incident, Plaintiff asserts that Defendant Bates and other FCJ officers approached Plaintiff's isolation cell and pat-searched him. *Id.* at 3-4. Defendant Tweedy again stated he was using excessive force for his own safety. Plaintiff was then asked to strip out and, when he refused, Defendant Bates tore open Plaintiff's jumpsuit and put his hand inside Plaintiff's underwear, touching Plaintiff's penis and testicles. Defendant Bates stated that they were searching Plaintiff thoroughly because he has "been to prison, and people in prison hide things in strange places." *Id.*

The allegation that Defendant Tweedy used excessive force is conclusory and lacks specific supporting facts, so it is insufficient to support a plausible claim for relief. Turning to Defendant Bates, even assuming, as the Court must for purposes of this initial screening, that Defendant Bates pat-searched Plaintiff and, when Plaintiff refused to strip out, Defendant Bates opened Plaintiff's jumpsuit and reached inside, touching Plaintiff's genitals, those actions are not sufficient to state a plausible claim that Plaintiff's constitutional rights were violated.

> [A] prison official violates the Eighth Amendment only (1) if the constitutional deprivation is "objectively sufficiently serious" and (2) the prison official has "a sufficiently culpable state of mind." To state a claim for sexual abuse against a prison official under the Eighth Amendment, a plaintiff must therefore satisfy two elements—one objective and one subjective.
>
> To satisfy the objective component, the plaintiff must show the defendant's "alleged wrongdoing was objectively harmful enough to establish a constitutional violation." This objective prong is "contextual and responsive to contemporary standards of decency." But as the Supreme Court has explained, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Conduct is repugnant to the conscience of mankind when it is "incompatible with evolving standards of decency" or involves "the unnecessary and wanton infliction of pain."

6

> Regarding the subjective prong of an excessive force claim, we ask whether the defendant acted with a "sufficiently culpable state of mind." When a prisoner alleges excessive force in the form of sexual abuse, the subjective element "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." "In cases of sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm."

*Ullery*, 949 F.3d at 1290 (citations omitted).

In light of the explanation Defendant Bates gave Plaintiff at the time of the search and the fact that Plaintiff had refused to strip out, Plaintiff has not alleged facts that support a plausible conclusion that Defendant Bates' conduct was repugnant to the conscience of mankind or that Defendant Bates acted with a sufficiently culpable state of mind to have violated Plaintiff's Eighth Amendment rights. For all of the reasons set forth above, the Court concludes that this matter must be dismissed for failure to state a plausible claim on which relief can be granted under 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b) and for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 16th day of March, 2023, at Kansas City, Kansas.

S/John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge